U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

DEC 15 2017

TONY R. MOORE CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 5:17-CR-00293-01 |
| VERSUS | JUDGE DRELL |
| COREY BROSSETTE | MAGISTRATE JUDGE PEREZ-MONTES |

## CRIMINAL PRETRIAL DISCOVERY ORDER

The purpose of this order is to reduce or eliminate the use of boilerplate, formula motions and responses for discovery of matters authorized by the Federal Rules of Criminal Procedure, federal statutes, or well-settled case law as applied by this Court in the vast majority of criminal cases.

The above-named defendant(s) having been arraigned this date in open Court, the following orders are entered:

### I. DISCOVERY

(a) **On or before ten (10) days from the date of this order,** counsel for the parties shall meet **IN PERSON** and the following shall be accomplished:

(1) At defendant's written request,[1] filed in the record, the government shall make the following disclosures to the defendant and/or shall make available for inspection, copying, or photographing the following items or copies thereof, or shall supply copies thereof, which are within the possession, custody or control of the government, the existence of which is known or by the exercise of due diligence may become known to the government:

(A) Any relevant written or recorded statements made by the defendant.

(B) That portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest

---

[1] See attached request form for defendant.

in response to interrogation by a person then known by the defendant to be a government agent.

(C) Recorded grand jury testimony of the defendant relating to the offense(s) charged.

(D) The substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use the statement at trial.

(E) The defendant's arrest and conviction record.

(F) The general nature of any Rule 404(b) evidence it intends to introduce at trial.

(G) The government shall deliver to any chemist selected by the defense who is presently registered with the Attorney General in compliance with 21 U.S.C. §§822 and 823, and 21 C.F.R. §101.22, a sufficient representative sample of any alleged contraband which is the subject of the prosecution, to allow independent chemical analysis of such sample.

(H) Books, papers, documents, photographs, tangible objects, buildings or places which are material to the preparation of the defendant's defense which the defendant specifically requests, or which the government intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the defendant, except any such materials as are protected from pretrial discovery by Rule 16(a)(2).

(I) Results or reports of physical or mental examinations and of scientific tests or experiments which are material to the preparation of the defense or are intended for use by the government as evidence in chief at trial.

(2) At the government's written request,[2] filed in the record, and if the defendant has requested discovery under Paragraphs (a)(1)(H) and (I) above, the defendant shall permit the government to inspect and copy or photograph the following items or copies thereof, or shall supply copies thereof, which are within the possession, custody or control of the defendant, the existence of which is known or by the exercise of due diligence may become known to the defendant:

---

[2] See attached request form for government.

    (A) Books, papers, documents, photographs or tangible objects which the defendant intends to introduce as evidence in chief at trial, except any such materials as are protected from pretrial discovery by Rule 16(b)(2).

    (B) Any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case which the defendant intends to introduce as evidence in chief at trial, or which were prepared by a defense witness who will testify concerning the contents thereof.

   (3) If the defendant intends to rely upon the defense of insanity at the time of the alleged crime, or intends to introduce expert testimony relating to a mental disease, defect or other condition bearing upon the issue of whether the defendant had the mental state required for the offense charged, the defendant shall give written notice thereof to the government.

   (4) The government shall state whether the defendant was identified in any lineup, show up, photo spread or similar identification proceeding, and produce any pictures utilized or resulting therefrom.

   (5) The government shall provide the defense, for independent expert examination, copies of all latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

   (6) Counsel for the government shall state whether <u>Jencks</u> material will be provided prior to trial, and if so, when. In order to minimize disruptions at trial, the court encourages the U.S. Attorney's office to provide <u>Jencks</u> material no later than the last regular workday before the trial.

   (7) The parties shall make every possible good faith effort to stipulate to all facts or points of law, the truth or existence of which is not contested and the early resolution of which will expedite the trial.

 (b) <u>Not less than seven (7) days prior to trial</u>:

   (1) The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 83 S.Ct. 1194, and <u>United States v. Agurs</u>, 96 S.Ct. 2392, <u>U.S. v. Bagley</u>, 105 S.Ct. 3375 (1985) and <u>Kyles v. Whitley</u>, 115 S.Ct. 1555 (1995), including evidence that would tend to impeach witnesses against the defendant. <u>U.S. v. Williams</u>, 998 F.2d 258 (5th Cir. 1993). As a part of supplying such potential impeachment evidence,

    (A) The government shall disclose to the defendant the existence and nature of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of United States v. Giglio, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959), and

    (B) The government shall supply the defendant with a record of prior convictions of any informant who will testify for the government at trial.

  (2) The government shall have transcribed the grand jury testimony of all witnesses who will testify for the government at the trial of this case so it will be available as Jencks material.

  (3) The government shall permit the defendant, defense counsel, and any experts selected by the defense, to inspect any automobile, vessel, or aircraft allegedly used in the commission of any offenses charged. Government counsel shall, if necessary, assist defense counsel in arranging such inspection at a reasonable time and place, by advising the government authority having custody of the thing to be inspected that such inspection has been ordered by the Court.

(c) The government shall advise its agents and officers involved in this case to preserve all rough notes.

(d) Counsel for both sides shall adhere to their continuing duty to reveal immediately to opposing counsel all newly discovered information or other material within the scope of this order.

## II. MOTIONS

(a) If a party in good faith believes it would be detrimental to the interest of justice to make any of the disclosures set forth above, the party may file a written Declination of Disclosure with the Clerk **within ten (10) days of the date of this order**, with a copy to opposing counsel, the District Judge and the Magistrate Judge, specifying which disclosures are declined and the legal authorities for such declination.

  An opposing party may challenge a Declination of Disclosure by filing a Motion to Challenge Declination, accompanied by a supporting memorandum and, if appropriate, affidavits, by the motion deadline date set forth in Paragraph (II)(b). IF NO CHALLENGE IS FILED TO A DECLINATION AS REQUIRED UNDER THIS PARAGRAPH, THE COURT WILL ASSUME THE ISSUE IS MOOT OR THE RIGHT TO DISCOVERY WAIVED.

(b) All other motions shall be filed **within 15 days of the date of this order unless a different period of time is ordered in the status conference**. Responses shall be filed in accordance with Uniform Local Rule 7.5W, except they shall be filed on or before five (5) working days after service of the motion.

(c) Motions for disclosure of matters already ordered herein will require no response by the opposing party, AND NO RULING WILL BE MADE BY THE COURT. Such redundant motions will invite sanctions by the Court.

### III.  TRIAL SCHEDULE

(a) The Court will rule on all motions without oral argument unless the parties are notified otherwise. The motions will be taken up shortly after the last brief addressing the motion is filed.

(b) Counsel appointed to represent indigent defendants who desire that trial subpoenas be served by the U.S. Marshal shall file a motion, a memorandum establishing indigent status and that the desired witnesses are necessary to an adequate defense, and shall submit completed summonses for the requested witnesses, within twenty (20) days prior to trial.

THUS ORDERED AND SIGNED at Alexandria, Louisiana, this ___15th___ day of ___December___, 2017.

Joseph H.L. Pérez-Montes
United States Magistrate Judge

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 5:17-CR-00293-01 |
| VERSUS | JUDGE DRELL |
| COREY BROSSETTE | MAGISTRATE JUDGE PEREZ-MONTES |

## DEFENDANT'S REQUEST FOR DISCOVERY

_____, defendant herein, hereby requests that the United States disclose all matters listed in Paragraph (I)(a)(1) of the Criminal Pretrial Discovery Order, including sub-paragraphs (A) through (I). Under subparagraph (H), the defendant specifically requests _____.

_____       _____
Date                                                         Counsel for Defendant

Original to be filed with Clerk of Court
Copy to be delivered to AUSA prosecuting the case

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 5:17-CR-00293-01 |
| VERSUS | JUDGE DRELL |
| COREY BROSSETTE | MAGISTRATE JUDGE PEREZ-MONTES |

## UNITED STATES' REQUEST FOR DISCOVERY

The United States of America hereby requests that the defendant disclose all matters listed in Paragraph (I)(a)(2) of the Criminal Pretrial Discovery Order, including sub-paragraphs (A) through (B).

_____          _____
Date                                              Counsel for United States

Original to be filed with Clerk of Court
Copy to be delivered to counsel for defendant

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

## STANDING ORDER

In all cases brought before this division for guilty plea, the following, at a minimum, must be presented to the judge presiding at least 2 days before the plea date:

1. A copy of the actual charge to which the Defendant will plead;
2. A statement of the elements of the charged offense, including all statutes applicable to the Government's burden of proof on the charged offense; and
3. A statement, to be signed by the Defendant and all counsel, as to the penalties applicable to the charged offense.

In addition, the U. S. Attorney handling the case should be prepared to address, at the hearing, questions regarding compliance with the Crime Victims' Rights Act (18 U.S.C. § 3771).

Responsibility for compliance with this Order shall rest with the United States Attorney's office. The Clerk shall furnish copies of this Order to the United States Attorney for the District for internal dissemination. The previous Standing Order of January 6, 2005, is hereby superseded and revoked.

SIGNED on this 12th day of December 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge