U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 17 2018

TONY R. MOORE, CLERK
BY: _____
      DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 17-00293-01 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| COREY BROSSETTE | * | MAGISTRATE JUDGE PEREZ-MONTES |

PLEA AGREEMENT

A.  **INTRODUCTION**

1. This document contains the complete plea agreement between the government and COREY BROSSETTE, the defendant. No other agreement, understanding, promise, or condition exists, nor will any such agreement, understanding, promise or condition exist unless it is committed to writing in an amendment attached to this document and signed by the defendant, an attorney for the defendant, and an attorney for the government. The terms of this plea agreement are only binding on the defendant and the government if the Court accepts the defendant's guilty plea.

B.  **THE DEFENDANT'S OBLIGATIONS**

1. COREY BROSSETTE shall appear in open court and plead guilty to the One Count Indictment pending in this case.

C.  **THE GOVERNMENT'S OBLIGATIONS**

1. If the defendant completely fulfills all of his obligations and agreements

under this plea agreement, the government agrees that the pending indictment will constitute the defendant's sole criminal exposure based on the investigation which forms the basis of the indictment.

2. The government will and hereby moves pursuant to U.S.S.G. § 3E1.1(b) for the defendant to receive a one-point reduction in his offense level should that offense level be 16 or greater, as the defendant has assisted authorities in the investigation or prosecution of his/her own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently.

D. SENTENCING

COREY BROSSETTE understands and agrees that:

1. The maximum punishment on Count One is a term of imprisonment of not more than twenty (20) years (pursuant to 18 U.S.C. § 2252A(a)(5)(B)), a fine of not more than $250,000 (pursuant to 18 U.S.C. § 3571); or both.

2. The defendant shall be required to pay a special assessment of $100 **at the time of the guilty plea** by means of a cashier's check, bank official check, or money order payable to "Clerk, U.S. District Court";

3. The defendant may receive a term of supervised release of any term of years not less than five (5), or life (pursuant to 18 U.S.C. § 3583), in addition to any term of imprisonment imposed by the Court;

4. A violation of any condition of supervised release at any time during the

period of supervised release may result in the defendant being incarcerated over and above any period of imprisonment initially ordered by the Court;

5. The period of incarceration for a violation of a condition of supervised release could be as much as the full term of supervised release initially ordered by the Court regardless of the amount of time of the supervised release the defendant had successfully completed;

6. In addition to the penalties set forth in the preceding paragraphs, the Court may order the defendant to make restitution to the victim(s) in this case and that the amount of restitution and method of payment is in the discretion of the Court;

7. Any fine and/or restitution imposed as part of the defendant's sentence will be made due and payable immediately, and any federal income tax refund received by the defendant from the Internal Revenue Service while there is an outstanding fine and/or restitution shall be applied toward the fine and/or restitution award;

8. As part of the presentence investigation, the government will make available to the Court all evidence developed in the investigation of this case;

9. This case is governed by the Sentencing Reform Act as modified by United States v. Booker, 543 U.S. 220 (2005), that the defendant has discussed the Sentencing Guidelines and their applicability with defendant's counsel, and understands and acknowledges that a final determination of the applicable guidelines range cannot be made until the completion of the presentence investigation;

10. The sentencing judge alone will decide what sentence to impose; and

11. The failure of the Court to adhere to a sentencing recommendation tendered by counsel shall not be a basis for setting aside the guilty plea which is the subject of this agreement.

E. COOPERATION

1. The defendant agrees to cooperate fully and truthfully in the government's investigation into this and any other criminal matter about which the defendant has knowledge.

2. Cooperation shall include, but is not limited to, testifying before the Grand Jury or at trial if requested. The defendant understands that his failure to testify truthfully can result in the defendant being prosecuted for perjury or giving false statements and in the government withdrawing from this plea agreement.

3. The defendant understands that while he is being offered use immunity for all prospective statements to law enforcement agents and testimony given as a result of this agreement, such statements and testimony are subject to the penalties of perjury and giving false statements if not completely honest and factual, and that this plea agreement can be withdrawn if the defendant makes false statements or substantially misrepresents his role in the offense.

4. At or before the time of sentencing, the government will advise the Court of any assistance provided by the defendant.

5. The United States may, but shall not be required to, make a motion requesting the Court to depart from the sentencing range called for by the guidelines

in the event the defendant provides "substantial assistance." This decision shall be in the sole and non-reviewable discretion of the United States Attorney.

6. It is understood and agreed that a motion for departure shall not be made under any circumstances unless the defendant's cooperation is deemed "substantial" by the United States Attorney. The government has made <u>no</u> promise, implied or otherwise, that the defendant will be granted a "departure" for "substantial assistance." Further, <u>no</u> promise has been made that a motion will be made for departure even if the defendant complies with the terms of this agreement in all respects but has been unable to provide "substantial assistance."

7. It is understood that even if a motion for departure is made by the government, based upon the defendan's perceived "substantial assistance," the final decision as to how much, if any, reduction in sentence is warranted because of that assistance rests solely with the Court.

F. <u>ADAM WALSH ACT REGISTRATION REQUIREMENTS</u>

The defendant has been advised, and understands, that pursuant to 18, United States Code, Sections 2250 and 3583(d), he/she must register and keep the registration current in each of the following jurisdictions: where he resides, where he is an employee, and where he is a student. The defendant understands that the requirements for registration include providing his name, his residence address, and the names and addresses of any place where he is or will be an employee or a student, among other information. The defendant further understands that the requirement to keep the registration current includes informing at least one jurisdiction in which

he resides, is an employee, or is a student not later than three business days after any change of his name, residence, employment, or student status. The defendant has been advised, and understands, that failure to comply with these obligations subjects him to prosecution for failure to register which is punishable by a fine, or imprisonment, or both.

G. <u>ABANDONMENT</u>

The Defendant agrees to the abandonment, for destruction or official use, of any and all interest that he may have in the evidence, items and, or, property, including but not limited to computer/electronic related evidence seized by local, state or federal authorities in the investigation arrest and prosecution of this matter.

The Defendant agrees to execute any documents or take any other steps requested by the Government to accomplish abandonment or to resolve any claims against the assets in this case.

H. <u>SIGNATURE OF ATTORNEY FOR THE DEFENDANT, THE DEFENDANT, AND THE ATTORNEY FOR THE GOVERNMENT</u>

I have read this plea agreement and have discussed it fully with my client, COREY BROSSETTE. It accurately and completely sets forth the entire plea agreement. I concur in COREY BROSSETTE pleading guilty as set forth in this plea agreement.

Dated: 5/8/18

*/s/ Wayne Blanchard*
WAYNE BLANCHARD
Counsel for Defendant

I have read this plea agreement and have discussed it with my attorney. I fully understand the plea agreement and accept and agree to it without reservation. I do this voluntarily and of my own free will. No threats have been made to me, nor am I under the influence of anything that could impede my ability to fully understand this plea agreement.

I affirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement.

I am satisfied with the legal services provided by my attorney in connection with this plea agreement and the matters related to this case.

Dated: 5/8/18

_____
COREY BROSSETTE
Defendant

I accept and agree to this plea agreement on behalf of the United States of America.

DAVID C. JOSEPH
United States Attorney

Dated: 5/17/18

_____
F. MICHAEL O'MARA
Assistant United States Attorney