U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

MAY 17 2018
TONY R. MOORE, CLERK
BY: _____
    DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 17-00293-01 |
| | * | |
| VERSUS | * | JUDGE DRELL |
| | * | |
| COREY BROSSETTE | * | MAGISTRATE JUDGE PEREZ-MONTES |

### ELEMENTS OF OFFENSE
18 U.S.C. § 2252A(a)(5)(B)
(Access with Intent to View Child Pornography)

**Title 18, United States Code, Section 2252A(a)(5)(B),** makes it a crime to knowingly access with intent to view any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been transported using any means or facility in or affecting interstate or foreign commerce, including by computer.

For you to find the defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:   That the defendant knowingly accessed with the intent to view an item or items that contains an image of child pornography, as alleged in the indictment;

*Second*:   That the material was transported using any means or facility affecting interstate or foreign commerce, including by computer; and

*Third*:   That when the defendant accessed with the intent to view the material, the defendant knew the material contained child pornography.

The term "computer" means an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communication facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device.

The term "child pornography" means any visual depiction, including any

photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

The term "minor" means any person under the age of eighteen years.

"Visual depiction" includes undeveloped film and videotape, data stored on computer disk or by electronic means which is capable of conversion into a visual image, and data which is capable of conversion into a visual image that has been transmitted by any means, whether or not stored in a permanent format.

"Sexually explicit conduct" means actual or simulated sexual intercourse, including genital-genital, oral- genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the genitals or pubic area of any person. Be cautioned that not every exposure of the genitals or pubic area constitutes lascivious exhibition. Whether a visual depiction constitutes such a lascivious exhibition requires a consideration of the overall content of the material. You may consider such factors as whether the focal point of the visual depiction is on the child's genitalia or pubic area; whether the setting of the depiction is sexually suggestive, that is, in a place or pose associated with sexual activity; whether the child is depicted in an unnatural pose or in inappropriate attire, considering the age of the child; whether the child is fully or partially nude; whether the visual depiction suggests sexual coyness or a willingness to engage in sexual activity; or whether the depiction is designed to elicit a sexual response in the viewer. This list is not exhaustive, and no single factor is dispositive.

Thus done and signed this ____8____ day of ____May____, 2018.

_____
COREY BROSSETTE
Defendant

_____
WAYNE BLANCHARD
Attorney for Defendant